```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA                 :
                                         :        11 Cr. 74 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
AN SOON KIM,                             :        AND ORDER
                                         :
               Defendant.                :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the Government:
Abigail S. Kurland
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

For the defendant:
Todd M. Merer, Esq.
635 Madison Avenue
15th Floor
New York, NY 10022

Jeremy Leonard Gutman, Esq.
251 East 61st Street
New York, NY 10021

DENISE COTE:

　　　Defendant An Soon Kim ("Kim") was charged in a two count Indictment filed against her on January 24, 2011.  A superseding Indictment filed on May 19 charged that: (1) Kim had conspired to transport individuals in interstate commerce with the intent that the individuals would engage in prostitution, and conspired to persuade, induce or entice individuals to so travel for that

purpose, and (2) Kim knowingly aided and abetted the transportation of an individual in interstate commerce with that intent.  Trial on these two counts began on June 20.  The jury reached its verdict on June 23, finding Kim guilty on both of the counts.  On July 6, Kim moved for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.  The motion was fully submitted on July 14.

DISCUSSION

In her motion, Kim has questioned the sufficiency of the evidence as to her knowledge that the women she conspired to transport and aided and abetted the transport of were being transported in interstate commerce.  Rule 29 permits a defendant to move for a judgment of acquittal on the basis of insufficiency of the evidence.  Fed. R. Crim. P. 29(c).  A judgment of acquittal should only be entered if the court concludes that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  United States v. Cassese, 428 F.3d 92, 98 (2d Cir. 2005) (citation omitted).  A defendant who challenges the sufficiency of the evidence to support his conviction bears a "heavy burden."  United States v. Bullock, 550 F.3d 247, 251 (2d Cir. 2008).  In deciding such a motion, the court must "view the evidence in the light most favorable to the government and draw all reasonable inferences

2

in its favor." United States v. Lee, 549 F.3d 84, 92 (2d Cir. 2008) (citation omitted).  The evidence is considered "in its totality, not in isolation, and the government need not negate every theory of innocence."  Id. (citation omitted).  Under Rule 29, a district court must affirm the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Bullock, 550 F.3d at 251 (citation omitted).

Kim acknowledges that the jury was properly charged as to the knowledge element of both of the crimes of which she was convicted.  Consistent with the law in this Circuit, the jury was instructed that the Government must prove beyond a reasonable doubt that Kim knowingly conspired to transport individuals in interstate commerce and knowingly aided and abetted the transport of an individual in interstate commerce. United States v. Shim, 584 F.3d 394, 395-96 (2d Cir. 2009).  Kim argues that the Government did not put forward sufficient proof of this element.  Specifically, she alleges that there was insufficient proof that she was aware that her co-conspirator, Tae Hoon Kim ("Tae Hoon"), transported women across state lines to her brothels in Connecticut and Washington, D.C.

The Government's opposition brief summarizes the ample evidence from which a reasonable jury could, and this jury did, find proof of the knowledge element beyond a reasonable doubt.

3

In connection with the aiding and abetting transportation count, intercepted telephone calls demonstrate Kim's knowledge of the interstate nature of the transportation.  On February 18, 2006, Kim, speaking on the telephone from her sauna in Queens, New York, informed Tae Hoon that there was a vacancy at her Washington, D.C. brothel and needed a new prostitute to be transported there quickly.  Just minutes later, Tae Hoon called a prostitute, Jin Oh, and persuaded her to take the job and leave the next day, asking "[w]hat good is it to stay in Flushing one more day?"  Tae Hoon then called Kim to let her know that he had found a prostitute and would "send her" the next day and "leave early."  On February 19, Kim called and asked Tae Hoon when he was going to leave, and when he told her he was "going to load [it] now and leave," she asked him to drop by the sauna in Queens "on the way."  EZ Pass records and other telephone calls by Tae Hoon confirmed that he traveled from New York to Washington, D.C. later that day.  In another telephone call a few weeks later, Tae Hoon informed a second prostitute that Jin Oh was working at the Washington, D.C. brothel. Despite the lack of explicit references to interstate transportation, these conversations, especially taken in the context of when they took place, provide sufficient evidence such that a reasonable jury could conclude that Kim knew Tae Hoon would be driving a prostitute from the New York City area

4

to Washington, D.C. on February 19, and that he in fact did so.

Other conversations intercepted by wiretap also provide sufficient evidence of Kim's knowledge.  In one conversation, Kim pressured Tae Hoon to deliver women to the brothels quickly, and he expressed exasperation with the timing that would be consistent with transporting women across state lines -- but not transportation within the confines of the small District of Columbia.  Kim also used language that is consistent with moving women across state lines, and inconsistent with intra-state transportation, when she asked Tae Hoon to "send good [prostitutes] out there," in reference to the Connecticut brothel; and to tell a prostitute to "go to Connecticut" or "go to Washington."  Tae Hoon also used language on calls with Kim that a reasonable jury could determine signaled to Kim the interstate nature of the transportation discussed; he called the Washington, D.C. brothel "the south" and said that "all the girls went down there."

Kim argues that these conversations did not explicitly discuss transportation across state lines, that there is no evidence that Kim knew the location from which any woman was transported, and that the EZ Pass records only show that Tae Hoon, not anyone else, crossed state lines on February 19, 2006.  These arguments fail if this evidence is evaluated "in its totality, not in isolation."  Lee, 549 F.3d at 92 (citation

5

omitted). Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found, and did find, that this evidence and its context -- including the timing of the telephone calls, the locations of the interlocutors, the content of their conversations, the locations of the sauna and brothel, and the subsequent actions taken by the interlocutors -- were sufficient to establish that Kim knew that the February 19, 2006 transportation of a woman, and the transportation of those women at the heart of the conspiracy, involved the crossing of interstate lines.

CONCLUSION

Kim's July 6, 2011, motion for a judgment of acquittal pursuant to Rule 29(c) is denied.

Dated:   New York, New York
         July 25, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge